IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLORIA CRAIG | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs.- | ) |
| | ) |
| HARRAH'S ENTERTAINMENT, INC., | ) |
| a corporation, d/b/a PLAYERS ISLAND | ) |
| CASINO; The ILLINOIS GAMING BOARD; | ) |
| MARK CALVIN, individually and | ) |
| his official capacity as agent of the Illinois | ) |
| Gaming Board and Harrah's | ) |
| Entertainment, Inc., d/b/a Players Island | ) |
| Casino; ROBERT SIMPSON, individually | ) |
| and in his official capacity as Assistant | ) |
| Security Director for Harrah's | ) |
| Entertainment, Inc., d/b/a Players Island | ) |
| Casino; DALE SELLERS, individually and in | ) |
| his official capacity as Assistant Security | ) |
| Director for Harrah's Entertainment, Inc., | ) |
| d/b/a Players Island Casino; and MICHAEL | ) |
| HAMILTON, individually and in his official | ) |
| capacity as police officer for the Metropolis, | ) |
| Illinois, Police Department, | ) |
| | ) |
| Defendants. | ) |

Case No. 05-812-DRH

**PLAINTIFF DEMANDS
TRIAL BY JURY ON ALL COUNTS**

## COMPLAINT

COMES NOW Plaintiff, GLORIA CRAIG, by and through her attorneys, Becker,

Paulson, Hoerner & Thompson, P.C., and for her Complaint against Defendants,

HARRAH'S CASINO, INC., a corporation, d/b/a PLAYERS ISLAND CASINO; MARK

CALVIN, individually and his official capacity as agent and/or employee of the Illinois

Gaming Board and Harrah's Entertainment, Inc., d/b/a Players Island Casino; ROBERT

SIMPSON, individually and in his official capacity as Assistant Security Director for

Harrah's Entertainment, Inc., d/b/a Players Island Casino; DALE SELLERS, individually

and in his official capacity as Assistant Security Director for Harrah's Entertainment, Inc.,

d/b/a Players Island Casino; and MICHAEL HAMILTON, individually and in his official capacity as police officer for the Metropolis, Illinois, Police Department, states the following:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as civil rights actions against Defendants MARK CALVIN and MICHAEL HAMILTON arise under 42 U.S.C. § 1983.

2.      This Court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This Court has diversity jurisdiction over all claims arising in this action under 28 U.S.C. § 1332 (diversity jurisdiction), as Plaintiff's citizenship is diverse from that of all Defendants.

4.      Venue is proper in this judicial district under 28 U.S.C. 1391(b), as all of the events giving rise to Plaintiff's claim occurred in this judicial district.


## THE PARTIES

5.      Plaintiff, GLORIA CRAIG, was at all times relevant herein a resident of Nolensville, Williamson County, Tennessee.

6.      Defendant HARRAH'S CASINO, INC., d/b/a PLAYERS ISLAND CASINO (hereinafter "HARRAH'S"), was at all times relevant a Delaware Corporation, doing business as Players Island Casino in and about Metropolis, Massac County, Illinois.

7.      Defendant MARK CALVIN (hereinafter "CALVIN") was at all times relevant acting under color of law as agent or employee for both the Illinois Gaming Board and Defendant HARRAH'S, and within the scope of his employment as Illinois Gaming Board

2

Agent and security personnel for Defendant HARRAH'S, and was a citizen of the State of Illinois.

8.     Defendant ROBERT SIMPSON (hereinafter "SIMPSON") was at all times relevant acting as agent or employee of Defendant HARRAH'S, and was acting within the scope of his employment as Assistant Director of Security for Defendant HARRAH'S, and was a citizen of the State of Illinois.

9.     Defendant DALE SELLERS (hereinafter "SELLERS") was at all times relevant acting as agent or employee of Defendant HARRAH'S, and was acting within the scope of his employment as Assistant Director of Security for Defendant HARRAH'S, and was a citizen of the State of Illinois.

10.     Defendant MICHAEL HAMILTON (hereinafter "HAMILTON") was at all times relevant a police officer for the Metropolis Police Department, Metropolis, Illinois, and was acting under color of law, within the scope of his employment as a police officer for the Metropolis Police Department, and in his capacity as agent or employee of the Metropolis Police Department, and was a citizen of the State of Illinois.

## FACTUAL ALLEGATIONS

11.     That on or about February 5, 2005, at approximately 7:50 p.m., Plaintiff was lawfully present at the riverboat gambling casino commonly referred to as Players Island Casino, owned and operated by Defendant HARRAH'S, and located in Metropolis, Massac County, Illinois.

12.     That on or about said date and time, Plaintiff was lawfully engaged in gambling activities at Blackjack table BJ-409 aboard said vessel.

13.     That on or about said date and time, Plaintiff was approached by Defendants SIMPSON and SELLERS and asked to leave the casino for the evening.

14.     That following Defendants' SIMPSON and SELLERS request, Plaintiff removed herself from said Blackjack table in compliance with said Defendants' request; However, said Defendants placed their hands on Plaintiff and repeatedly prodded Plaintiff with their walkie-talkie antennas while escorting her to the first deck of the vessel, where Plaintiff was freely permitted to cash in her chips without any assistance from said Defendants.

15.     That after Plaintiff was freely permitted to cash in her chips, Plaintiff was then permitted to freely and voluntarily make her way to the vessel's exit turn-styles located several feet from the window where Plaintiff had cashed in her chips, at which time Plaintiff proceeded to said exit in a peaceful and passive manner.

16.     That as Plaintiff neared the vessel's exit turn-styles and attempted to exit the vessel, Plaintiff was approached from behind by Defendants CALVIN, SIMPSON and SELLERS.

17.     That Plaintiff's attempt to peacefully exit said vessel was abruptly halted without cause by Defendant CALVIN, at which time Defendant CALVIN laid his hands upon Plaintiff, grabbed Plaintiff by her throat and left arm, violently and aggressively threw Plaintiff to the ground by her neck and arm, kneeled on Plaintiff's back and pinned her face-down to the ground, thereby causing injury to Plaintiff's neck, back, shoulder, arms and ribs.

18.     That after Defendant CALVIN violently and aggressively forced Plaintiff to the ground and while Defendant CALVIN had Plaintiff pinned to the ground, Defendants SIMPSON and SELLERS also placed their hands and legs upon Plaintiff in an aggressive

4

and forceful manner, thereby causing injury to Plaintiff's back and ribs, after which time Plaintiff was hand-cuffed by Defendant CALVIN.

19.     That after Plaintiff was hand-cuffed, Defendants CALVIN, SIMPSON and SELLERS escorted Plaintiff to said casino's EMT office, where Plaintiff remained hand-cuffed and was forcibly detained without cause for approximately thirty (30) minutes.

20.     That on said date at or about 8:15 p.m., Defendant HARRISON arrived at said security office and placed Plaintiff under arrest for aggravated battery pursuant to 720 ILCS 5/12(b)(8), aggravated battery of a peace officer pursuant to 720 ILCS 5/12(b)(6), and resisting or obstructing a peace officer pursuant to 720 ILCS 5/31-1(a), and thereafter escorted Plaintiff in hand-cuffs and placed her inside his police patrol vehicle where Plaintiff was then forcibly detained and transported to the Massac County Detention Center, where she remained until the evening of February 7, 2005.

21.     On September 8, 2005, on Order granting the People of the State of Illinois' Motion to Dismiss was entered in case no. 05-CF-17, Circuit Court of Massac County, Illinois, thereby dismissing all charges brought against Plaintiff for her alleged actions of February 5, 2005.

## COUNT I
### (EXCESSIVE USE OF FORCE – 42 U.S.C. § 1983)
### (MARK CALVIN)

22-36. Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19, inclusive, as and for paragraphs 22 through 36 of this Count I of Plaintiff's Complaint.

37.     That Defendant CALVIN used unnecessary, unreasonable and excessive force against Plaintiff and thereby caused a violation of Plaintiff's rights under the Fourth

Amendment of the United States Constitution, by assaulting, battering and brutalizing Plaintiff as described herein.

38.     As a direct and proximate result of the unlawful and malicious physical abuse of Plaintiff by Defendant CALVIN, all committed under color of law and under his authority as agent for the Illinois Gaming Board, Plaintiff suffered grievous bodily harm and was deprived of her right to be free from unreasonable seizure of her person and from the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

39.     As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendant CALVIN, Plaintiff suffered severe and permanent injuries and damages including bruises, abrasions and sprains to her neck, shoulder, arms, ribs and back.  The brutal assault and injuries caused Plaintiff at the hands of Defendant CALVIN has caused Plaintiff to be fearful of her safety and has caused Plaintiff pain of the mind, including fear, apprehension, depression and consternation.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

40.     The acts of Defendant CALVIN were intentional, willful, wanton, malicious, oppressive, and with conscious disregard for the rights of Plaintiff thus entitling Plaintiff to an award of punitive damages.

41.     If Plaintiff prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant CALVIN for compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff

damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant CALVIN and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT I**

**<u>COUNT II</u>**
**(FALSE IMPRISONMENT)**
**(MARK CALVIN)**

42-56.   Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19, inclusive, as and for paragraphs 42 through 56 of this Count II of Plaintiff's Complaint.

57.   That on or about said date and time, while present at said casino, Defendant CALVIN, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, falsely imprisoned Plaintiff in that Defendant CALVIN maliciously and with intent to injure Plaintiff, illegally and forcibly detained Plaintiff in said EMT office and refused to cease said actions and allow Plaintiff to exit said office upon Plaintiff's requests, thereby depriving Plaintiff of her liberty.

58.   That during said detention, Plaintiff remained hand-cuffed and was inhumanely forbidden to use the restroom despite her numerous requests.

59.   That as a direct and proximate result of the aforesaid, Plaintiff suffered diverse injuries of a permanent and lasting nature, which have caused and will continue to cause Plaintiff to suffer physical pain and mental anguish, humiliation, embarrassment and emotional distress.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant CALVIN in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant CALVIN and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT II**

### COUNT III
### (ASSAULT & BATTERY)
### (MARK CALVIN)

60-74. Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19, inclusive, as and for paragraphs 60 through 74 of this Count III of Plaintiff's Complaint.

75.    At said time and place, Defendant CALVIN, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, committed the torts of assault and battery on Plaintiff in that he approached and shouted at Plaintiff in an aggressive manner, laid his hands upon Plaintiff, grabbed Plaintiff by her throat and left arm, violently and aggressively threw Plaintiff to the ground by her neck and arm, kneeled on Plaintiff's back and pinned her face-down to the ground and hand-cuffed her, all without cause, encouragement, provocation or consent by Plaintiff.

8

76.    That Defendant CALVIN'S aggressive behavior caused Plaintiff to be fearful of her safety and well-being, and Defendant CALVIN'S touching of Plaintiff was severely harmful and offensive to Plaintiff.

77.    That Defendant CALVIN'S behavior and touching of Plaintiff was willful and malicious.

78.    That as a direct and proximate result of the willful and malicious acts of Defendant CALVIN, Plaintiff suffered severe and permanent injuries and damages including bruises, abrasions and sprains to her neck, shoulder, arms, ribs and back.  The injuries suffered by Plaintiff at the hands of Defendant CALVIN have caused Plaintiff to be fearful of her safety and has caused Plaintiff pain of the mind, including fear, apprehension, depression and consternation.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant CALVIN in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant CALVIN and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT III**

## COUNT IV
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
## (MARK CALVIN)

79-93. Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19, inclusive, as and for paragraphs 79 through 93 of this Count IV of Plaintiff's Complaint.

94.     That Defendant CALVIN'S unnecessary, unreasonable, violent and aggressive acts committed toward Plaintiff were truly extreme and outrageous.

95.     That Defendant CALVIN intended to inflict or knew that there was a high probability that his conduct would inflict severe emotional distress upon Plaintiff.

96.     That Defendant CALVIN, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, intentionally or recklessly, in deliberate disregard of the high degree of probability that emotional distress would follow upon Plaintiff, acted with such extreme and outrageous conduct, that such action went beyond all reasonable bounds of decency, as to proximately cause Plaintiff severe emotional distress, embarrassment, humiliation, pain and suffering.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant CALVIN in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant CALVIN and others from similar conduct in the future; awarding Plaintiff a reasonable

amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT IV**

**<u>COUNT V</u>**
**(FALSE IMPRISONMENT)**
**(ROBERT SIMPSON)**

97-111.   Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19 inclusive as and for paragraphs 97 through 111 of this Count V of Plaintiff's Complaint.

112.   That on or about said date and time, while present at said casino, Defendant SIMPSON, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, falsely imprisoned Plaintiff in that Defendant SIMPSON maliciously and with intent to injure Plaintiff, illegally and forcibly detained Plaintiff in said EMT office and refused to cease said actions and allow Plaintiff to exit said office upon Plaintiff's requests, thereby depriving Plaintiff of her liberty.

113.   That during said detention, Plaintiff remained hand-cuffed and was inhumanely forbidden to use the restroom despite her numerous requests.

114.   That as a direct and proximate result of the aforesaid, Plaintiff suffered diverse injuries of a permanent and lasting nature, which have caused and will continue to cause Plaintiff to suffer physical pain and mental anguish, humiliation, embarrassment and emotional distress.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant SIMPSON in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff

11

damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant SIMPSON and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT V**

**COUNT VI**
**(ASSAULT & BATTERY)**
**(ROBERT SIMPSON)**

115-129.  Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19 inclusive as and for paragraphs 115 through 129 of this Count VI of Plaintiff's Complaint.

130.    That at said time and place, Defendant SIMPSON, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, committed the torts of assault and battery on Plaintiff in that he approached and shouted at Plaintiff in an aggressive manner, placed his hands and legs upon Plaintiff in an aggressive and forceful manner, thereby causing injury to Plaintiff's back and ribs, all without cause, encouragement, provocation or consent by Plaintiff.

131.    That Defendant SIMPSON'S aggressive behavior caused Plaintiff to be fearful of her safety and well-being, and Defendant SIMPSON'S touching of Plaintiff was severely harmful and offensive to Plaintiff.

132.    That Defendant SIMPSON'S behavior and touching of Plaintiff was willful and malicious.

133.    That as a direct and proximate result of the willful and malicious conduct of Defendant SIMPSON, Plaintiff suffered severe and permanent injuries and damages

12

including bruises, abrasions and sprains to her neck, shoulder, arms, ribs and back.  The injuries caused Plaintiff at the hands of Defendant SIMPSON has caused Plaintiff to be fearful of her safety and has caused Plaintiff pain of the mind, including fear, apprehension, depression and consternation.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant SIMPSON in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant SIMPSON and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT VI**

**COUNT VII**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**(ROBERT SIMPSON)**

134-148.  Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19 inclusive as and for paragraphs 134 through 148 of this Count VII of Plaintiff's Complaint.

149.    That Defendant SIMPSON'S unnecessary, unreasonable, violent and aggressive acts committed toward Plaintiff were truly extreme and outrageous.

150.    That Defendant SIMPSON intended to inflict or knew that there was a high probability that his conduct would inflict severe emotional distress upon Plaintiff.

151.    That Defendant SIMPSON, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, intentionally or recklessly, in deliberate disregard of the high degree of probability that emotional distress would follow upon Plaintiff, acted with such extreme and outrageous conduct, that such action went beyond all reasonable bounds of decency, as to proximately cause Plaintiff severe emotional distress, embarrassment, humiliation, pain and suffering.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant SIMPSON in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant SIMPSON and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT VII**

**<u>COUNT VIII</u>**
**(FALSE IMPRISONMENT)**
**(DALE SELLERS)**

152-166.  Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19 inclusive as and for paragraphs 152 through 166 of this Count VIII of Plaintiff's Complaint.

167.    That on or about said date and time, while present at said casino, Defendant SELLERS, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, falsely imprisoned Plaintiff in that Defendant SELLERS maliciously and with intent to injure Plaintiff, illegally and forcibly detained Plaintiff in said EMT office and refused to cease said actions and allow Plaintiff to exit said office upon Plaintiff's requests, thereby depriving Plaintiff of her liberty.

168.    That during said detention, Plaintiff remained hand-cuffed and was inhumanely forbidden to use the restroom despite her numerous requests.

169.    That as a direct and proximate result of the aforesaid, Plaintiff suffered diverse injuries of a permanent and lasting nature, which have caused and will continue to cause Plaintiff to suffer physical pain and mental anguish, humiliation, embarrassment and emotional distress.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant SELLERS in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant SELLERS and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT VIII**

## COUNT IX
## (ASSAULT & BATTERY)
## (DALE SELLERS)

170-184.   Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19 inclusive as and for paragraphs 170 through 184 of this Count IX of Plaintiff's Complaint.

185.   That at said time and place, Defendant SELLERS, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, committed the torts of assault and battery on Plaintiff in that he approached and shouted at Plaintiff in an aggressive manner, placed his hands and legs upon Plaintiff in an aggressive and forceful manner, thereby causing injury to Plaintiff's back and ribs, all without cause, encouragement, provocation or consent by Plaintiff.

186.   That Defendant SELLERS' aggressive behavior caused Plaintiff to be fearful of her safety and well-being, and Defendant SELLERS' touching of Plaintiff was severely harmful and offensive to Plaintiff.

187.   That Defendant SELLERS' behavior and touching of Plaintiff was willful and malicious.

188.   That as a direct and proximate result of the willful and malicious conduct of Defendant SELLERS, Plaintiff suffered severe and permanent injuries and damages including bruises, abrasions and sprains to her neck, shoulder, arms, ribs and back.  The injuries caused Plaintiff at the hands of Defendant SELLERS has caused Plaintiff to be fearful of her safety and has caused Plaintiff pain of the mind, including fear, apprehension, depression and consternation.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant SELLERS in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant SELLERS and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT IX**

**COUNT X**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**(DALE SELLERS)**

189-203.  Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19 inclusive as and for paragraphs 189 through 203 of this Count X of Plaintiff's Complaint.

204.    That Defendant SELLERS' unnecessary, unreasonable, violent and aggressive acts committed toward Plaintiff were truly extreme and outrageous.

205.    That Defendant SELLERS intended to inflict or knew that there was a high probability that his conduct would inflict severe emotional distress upon Plaintiff.

206.    That Defendant SELLERS, individually and/or while acting as agent and/or employee of Defendant HARRAH'S, intentionally or recklessly, in deliberate disregard of the high degree of probability that emotional distress would follow upon Plaintiff, acted with such extreme and outrageous conduct, that such action went beyond all reasonable

17

bounds of decency, as to proximately cause Plaintiff severe emotional distress, embarrassment, humiliation, pain and suffering.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant SELLERS in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant SELLERS and others from similar conduct in the future; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

## PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT X

### COUNT XI
### (RESPONDEAT SUPERIOR)
### (HARRAH'S ENTERTAINMENT, INC.)

207-221.  Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 19 inclusive as and for paragraphs 207 through 221 of this Count XI of Plaintiff's Complaint.

222.    Pursuant to the doctrine of respondeat superior, Defendant HARRAH's is responsible and liable for the afore-described tortious acts of Defendants CALVIN, SIMPSON and SELLER, as agents, employees and/or servants of Defendant HARRAH'S.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant HARRAH'S in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff

18

damages to compensate her for her emotional distress, embarrassment, humiliation, pain and suffering; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT XI**

**COUNT XII**
**(UNLAWFUL ARREST – 42 U.S.C. § 1983)**
**(MICHAEL HAMILTION)**

223-239.  Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 21 inclusive as and for paragraphs 223 through 239 inclusive of this Count XII of Plaintiff's Complaint.

240.    That Defendant HAMILTON, in arresting Plaintiff, was not acting pursuant to an arrest warrant and lacked probable cause to make said arrest.

241.    That as a direct and proximate result of the unlawful arrested executed by Defendant HAMILTON upon Plaintiff, Plaintiff was deprived of her right to be free from unreasonable seizure of her person in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

242.    That the acts of Defendant HAMILTON were intentional, willful, wanton, oppressive and with conscious disregard for the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

243.    If Plaintiff prevails, she is entitled to an award of attorneys' fee pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant HAMILTON, awarding Plaintiff compensatory damages

in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights; awarding Plaintiff a reasonable amount of attorneys' fees and her costs expended herein; and for such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT XII**

**COUNT XIII**
**(FALSE IMPRISONMENT)**
**(MICHAEL HAMILTION)**

244-260.      Plaintiff repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 5 through 21 inclusive as and for paragraphs 244 through 260 of this Count XIII of Plaintiff's Complaint.

261.      That on or about said date and time, Defendant HAMILTON, individually and/or while acting as agent and/or employee of the Metropolis, Illinois, Police Department, falsely imprisoned Plaintiff by illegally and forcibly detaining Plaintiff, thereby depriving Plaintiff of her liberty.

262.      That as a direct and proximate result of the aforesaid, Plaintiff suffered diverse injuries of a permanent and lasting nature, which have caused and will continue to cause Plaintiff to suffer physical pain and mental anguish, humiliation, embarrassment and emotional distress.

WHEREFORE Plaintiff, GLORIA CRAIG, prays this Court grant judgment in favor of Plaintiff and against Defendant HAMILTON in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); awarding Plaintiff compensatory damages in an amount which is fair, just and reasonable under the circumstances; awarding Plaintiff damages to compensate her for her emotional distress, embarrassment, humiliation,

pain and suffering; awarding Plaintiff a sum of punitive damages to deter Defendant

HAMILTON and others from similar conduct in the future; awarding Plaintiff a

reasonable amount of attorneys' fees and her costs expended herein; and for such other

and further relief as this Court deems equitable and just.

<b>PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT XIII</b>

GLORIA CRAIG, Plaintiff

By: _____

Alvin C. Paulson    #6193202
5111 West Main Street
Belleville, IL 62226
(618) 235-0020

BECKER, PAULSON, HOERNER
& THOMPSON, P.C.
Attorneys for Plaintiff
5111 West Main Street
Belleville, IL 62226
(618) 235-0020
(618) 235-8558 – fax

<u>PROOF OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office mail box in Belleville, Illinois, on the _____9th_____ day of ___November___, 2005.