IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GLORIA CRAIG,**

    **Plaintiff,**

**v.**

**HARRAH'S ENTERTAINMENT, INC., et al.,**

    **Defendants.**                              **Case No. 05-CV-812-DRH**

## ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Michael Hamilton's ("Hamilton") Motion for Leave to File Motion to Dismiss (Doc. 24), regarding Plaintiff's initial Complaint (Doc. 1). In this Motion, defendant Hamilton states his answer or other responsive pleading was due on or before December 19, 2005, but that his insurer did not inform representative counsel until one day after the deadline, December 20, 2005. (*See* Doc. 24, ¶¶ 2-3.) Counsel for defendant Hamilton explains that although she diligently filed her appearance, she was not able to speak with him in order to properly prepare an answer or other responsive pleading to Plaintiff's Complaint until the date when she filed the instant motion on his behalf – January 25, 2006. (*Id*. at ¶¶ 5-6.) Therefore, counsel for defendant Hamilton requests leave to file *instanter* a motion to dismiss and supporting memorandum, or in the alternative, for leave to file *instanter* an answer and affirmative defenses. (*Id*. at ¶¶ 6-7.)

The Court is left to wonder why counsel for defendant Hamilton, if she knew at the time of filing her notice of appearance (which was *after* the deadline for filing an answer or other pleading to Plaintiff's Complaint) that she required additional time to prepare an answer or responsive pleading, did not also file a motion for extension of time to move or plead, as other defendants did in this matter. Fortunately for counsel, this soon may be no longer an issue.

Plaintiff has filed a motion for leave to file an amended complaint, which has just been granted by the Court. (*See* Doc. 25.) Currently, Plaintiff has until January 31, 2006 to file her First Amended Complaint. (*Id.*) Assuming Plaintiff still intends to do so, defendant Hamilton will be given a second bite at the apple, as even if the Court were to grant his instant motion, once Plaintiff filed her Amended Complaint, defendant Hamilton would have to respond in kind, effectively rendering an initial motion to dismiss as moot.

However, the Court acknowledges the fact that if Plaintiff for some reason does *not* file an Amended Complaint, defendant Hamilton is left with the original filing deadline of December 19, 2005. Therefore, the Court **GRANTS IN PART** defendant Hamilton's instant motion, allowing him leave to file his motion to dismiss and supporting memorandum in this case, but **DENIES IN PART** his request that these pleadings be filed *instanter*. Instead, defendant Hamilton shall have up and until Monday, January 30, 2006, to file said motions. In the likely event Plaintiff chooses to file her Amended Complaint, defendant Hamilton will be

obligated to respond in a timely fashion to it – as the Court does not anticipate granting any similar motions, especially when his counsel is able to request an extension of time well before the known deadline.

**IT IS SO ORDERED.**

Signed this 27th day of January, 2006.

/s/        David RHerndon
**United States District Judge**