IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GLORIA CRAIG,**

    **Plaintiff,**

**v.**

**SOUTHERN ILLINOIS
RIVERBOAT/CASINO CRUISES, Inc.,
d/b/a/ HARRAH'S METROPOLIS
CASINO, et al.,**

    **Defendants.**                                                  **Case No. 05-cv-812-DRH**

<u>**ORDER**</u>

**HERNDON, District Judge:**

In the instant case, Plaintiff has filed a Notice of Voluntary Dismissal (Doc. 53), pursuant to **Fed. R. Civ. P. 41(a)(1)** and also seeks voluntary dismissal without prejudice pursuant to **Fed. R. Civ. P. 41(a)(2)**. Plaintiff's suit involves several claims of excessive force, false imprisonment, intentional infliction of emotional distress, respondeat superior liability, for events arising while Plaintiff was at the Harrah's game boat in Metropolis, Illinois (*see* First Amended Complaint - Doc. 27). Previously, one of the defendants, Mark Hamilton, was voluntarily dismissed without prejudice, pursuant to Rule 41(a)(1) (Docs. 37 & 38). The Court also granted defendant Illinois Gaming Board's Motion to Dismiss (Doc. 32) the claims against it with prejudice, as Plaintiff had failed to oppose, and thus, the Court

1

construed Plaintiff's silence as an admission upon the merits (Doc. 50).  Currently, defendants Harrah's Casino, Mark Calvin, Robert Simpson and Dale Sellers remain.

Plaintiff's instant Rule 41(a)(1) Notice of Voluntary Dismissal without prejudice seeks to dismiss defendants Harrah's, Robert Simpson and Dale Sellers, as the Motion states that these Defendants do not oppose.  Yet, Plaintiff also seeks dismissal without prejudice, pursuant to Rule 41(a)(2), of defendant mark Calvin, as he has already filed his Answer and also opposes the dismissal.  Defendant Calvin has filed his opposition (Doc. 54) and has also subsequently filed a Motion for Summary Judgment (Doc. 55).

Defendant Calvin opposes a dismissal without prejudice because he "desires a quick and final resolution of this matter," and Plaintiff's attorney has previously indicated to defendant Calvin that "Plaintiff is not willing to 'give up' on this case."  Thus, defendant Calvin states that if a dismissal of Plaintiff's claims against him is granted, it should be *with* prejudice rather than without.  Otherwise, there is no telling if defendant Calvin will receive "an expeditious and final resolution of this matter" (Doc. 54).

It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2).  **Tolle v. Carroll Touch, Inc.**, 23 F.3d 174, 177 (7th Cir. 1994); **Tyco Laboratories, Inc. v. Koppers Co., Inc.**, 627 F.2d 54, 56 (7th Cir. 1980).  In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors,

including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. **Tyco Laboratories, 627 F.2d at 56**.

In examining this case, defendant Calvin had not yet filed his Motion for Summary Judgment when Plaintiff filed her Notice for Rule 41 Dismissal. (However, he filed it immediately thereafter.) Further, what can be gleaned from the record reveals that defendant Calvin filed his Answer to Plaintiff's Amended Complaint (Doc. 31), a Motion to Compel Discovery (Docs. 51 & 52), an Objection to Plaintiff's Voluntary Dismissal (Doc. 54)and finally, summary judgment pleadings(Docs. 55 & 56).

Though defendant Calvin has expended some effort in litigating this matter, the Court does not believe this effort outweighs the fact that if Plaintiff does not want to pursue this action, she should have the right to seek a dismissal of her case.[1] Aside from the few motions defendant Calvin filed, there is no other valid reason the Court can identify for denying a dismissal or allowing it on the condition that it is a dismissal with prejudice, rather than without. Frankly, at this point in the proceedings, the Court sees no harm in allowing Plaintiff to dismiss her remaining claims without prejudice. Although the Defendant does not ask for the

---

[1] A review of the summary judgment briefs shows that defendant Calvin would not likely prevail, as it appears questions of material fact exist.

Court to set any conditions on the dismissal, if Plaintiff subsequently re-files this case and it ends up back in this District, the discovery shall be incorporated into the new cause via operation of this Order. As such, the Defendant will not have expended time for nothing.

Accordingly, the Court acknowledges Plaintiff's dismissal of defendants Harrah's, Robert Simpson and Dale Sellers, by consent/stipulation, pursuant to Rule 41(a)(1). Further, the Court **GRANTS** Plaintiff's request (Doc. 53) to dismiss defendant Mark Calvin pursuant to Rule 41(a)(2). Plaintiffs' claims against these defendants are hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is instructed to close the file.

**IT IS SO ORDERED**.

Signed this 19th day of January, 2007.

<u>/s/        David   RHerndon</u>
**United States District Judge**